

The following constitutes the Memorandum Decision of
the Court.  Signed: July 3, 2019

_____

**Roger L. Efremsky**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

In re:                                    Case No. 18-41720 RLE

                                          Chapter 7

ERIC DANIEL ARBUCCI,                      Date:      February 6, 2019
                                          Time:      2:00 p.m.
                    Debtor.               Place:     Courtroom 201

                            /

**MEMORANDUM DECISION ON CREDITOR**
**SAMUEL GOODWIN'S MOTION FOR SANCTIONS**

     Before the court is creditor Samuel Goodwin's (hereinafter
referred to as "Creditor") Motion for Sanctions after finding of
bad faith in Debtor Eric Daniel Arbucci's (hereinafter referred
to as "Debtor") chapter 13 bankruptcy.  Creditor seeks sanctions
against both the Debtor and his counsel, Arasto Farsad
(hereinafter referred to as "Debtor's Counsel").

/ / / /

/ / / /

-1-

The court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (L). The following constitutes the court's findings of fact and conclusions of law.[1]

## I.  **Factual Background**

This matter arises from Debtor's illegal conduct in 2015, when Debtor, driving an unregistered and uninsured car at an unsafe speed and without proper vision correction, failed to yield to Creditor, a pedestrian in a crosswalk, and hit him, causing Creditor serious bodily injury.

On June 4, 2018, after trial in Alameda County Superior Court, judgment in the amount of $268,875.30 was entered in favor of Creditor and against Debtor (hereinafter, the "Judgment"). Creditor recorded an Abstract of Judgment on June 4, 2018, thereby perfecting the Judgment as a lien against Debtor's home. Debtor appealed the Judgment but failed to post a supersedeas bond.[2]  Creditor then filed an application to sell Debtor's home to satisfy the Judgment. Several days later, on July 27, 2018, Debtor filed his chapter 13 bankruptcy, thereby staying Creditor's application to sell Debtor's home.

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2]In his bankruptcy schedules, Debtor valued his home at $1.650 million. The only debt against the home was Creditor's Abstract of Judgment in the amount of $268,875.30 and Alameda County property taxes of approximately $10,000. See Proof of Claim #2-1 and #4-1.

-2-

Following the bankruptcy filing, both the chapter 13 Standing Trustee and Creditor filed objections asserting that Debtor's case had been filed in bad faith and that the plan(s)[3] were being proposed in bad faith. With regards to the plan(s) being filed in bad faith, neither the chapter 13 Standing Trustee nor the Creditor sent a "safe harbor" letter to Debtor and/or Debtor's Counsel as described under Rule 9011(c).

The chapter 13 Standing Trustee and the Creditor's objections to confirmation were heard by the court on December 7, 2018. After considering the papers and the parties' arguments, the court found that the case had been filed in bad faith and the plan(s) had been proposed in bad faith, and sustained both objections.[4] The court then converted the case to chapter 7 pursuant to 11 U.S.C. § 1307(c).

On January 9, 2019, Creditor filed the current Motion for Sanctions. The matter came on for hearing on February 6, 2019. After hearing, the court took the matter under submission.

**II. Legal Standard**

Federal Rule of Bankruptcy Procedure 9011 provides, in relevant part, as follows:

> **(b)** **Representations to the Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry

---

[3]At the time of the confirmation trial, Debtor had filed his fifth amended plan.

[4]The court made detailed findings of fact and conclusions of law orally on the record. Those findings and conclusions are incorporated herein by reference.

–3–

reasonable under the circumstances, –
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal or existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on lack of information or belief.

**(c)** **Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
(1)   How Initiated.
(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b).  It shall be served as provided in Rule 7004.  The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe) the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected, except that this limitation shall not apply if the conduct alleged is the filing of a petition in violation of subdivision (b).  If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for the violations committed by its partners, associates, and employees.

FRBP 9011(b) and (c)(1)(A).

    With regards to Creditor's request for sanctions for Debtor's proposing plans in bad faith, the court is unable and unwilling to issues sanctions as a result of Creditor's failure

–4–

to comply with FRBP 9011(c)(1)(A). The court, however, finds that sanctions are appropriate for Debtor's bad faith filing of the petition itself, as the "safe harbor" provision of Rule 9011 requiring 21-days notice prior to seeking sanctions, is not applicable to a claim that the chapter 13 petition was filed in bad faith. <u>See</u> FRBP 9011(c)(1)(A) exception.

The court's finding that the petition was filed in bad faith was supported by the facts that: (1) Debtor owned his home (valued at $1.650 million in his Schedule A) outright, encumbered only by Creditor's Abstract of Judgment in the approximate amount of $268,000, and a tax lien in the approximate amount of $10,000; and (2) Debtor listed minimal other debt in his schedules, none of which was actively being collected and none of which appeared to be or were the stated impetus for the bankruptcy filing. In addition, Debtor's Statement of Financial Affairs indicated that he operated no business as he disclosed that he had no income from employment or from operation of a business during the year he filed or the two previous calendar years. Despite these representations in the Statement of Financial Affairs, the court acknowledges that Debtor did represent that he derived some income from renting a room(s) at his home.

It was clear to the court that Debtor filed this bankruptcy solely to delay collection of Creditor's Judgment and to avoid posting a supersedeas bond. The record supported the fact that Debtor had the financial means to pay the Judgment. <u>See</u> <u>In re</u> <u>Dental Profile, Inc.</u>, 446 B.R. 885, 900 (Bankr. N.D. Ill. 2011) (citations omitted) (because direct evidence of motive or intent is rarely available, court must look to objectively ascertainable

-5-

circumstances that support inference of improper purpose in deciding whether to award sanctions under the "improper purpose" clause of Rule 9011); In re Dickson, 2017 WL 5634598, *5 (Bankr. E.D. Ky. November 22, 2017) (citing In re Dental Profile, Inc., 446 B.R. at 900) (the focus of a claim under the "improper purpose" clause is on why the nonmovant filed the legal pleading at issue). Moreover, because Debtor was not involved in a business venture, the Judgment did not pose any danger of disrupting business interests. See Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994).

The court's finding was further supported by the fact that on January 7, 2019, one month after the court sustained the chapter 13 Standing Trustee and Creditor's objections and converted the case to chapter 7, Debtor and the chapter 7 Trustee entered into an agreement to allow Debtor to refinance his home and pay all of his administrative and creditor claims in full. The agreement was approved by the court and was consummated. See Docket ##101-104; 121 and 147.

In In re Marsch, the Ninth Circuit established a two-pronged test for determining whether sanctions are warranted under FRBP 9011 for the bad faith filing of a bankruptcy petition. Specifically, the bankruptcy court must consider both the frivolousness and the improper purpose on a sliding scale, where the more compelling the showing as to one element, the less decisive need be the showing as to the other. In re Marsch, 363 F.3d at 829-31.

The court's findings at the confirmation hearing that the petition was filed in bad faith support a current finding that

-6-

the petition was both frivolous and filed for an improper purpose. The petition was filed solely to delay collection of Creditor's Judgment and to avoid posting a supersedeas bond, even though Debtor had the ability to satisfy the Judgment with non-business assets.[5] Debtor's actions were a transparent attempt to use a chapter 13 petition and the resulting automatic stay as an inexpensive substitute for the supersedeas bond required to pursue an appeal under state law.

Having determined sanctions are warranted, the court must next determine: (1) the amount of the sanctions to be awarded against Debtor; and (2) whether Debtor's Counsel should also be sanctioned.

Rule 9011 provides that sanctions for violation of the Rule "**shall** be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FRBP 9011(c)(2) (emphasis added). The court may order a violator to pay the injured party "the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Id.

Creditor seeks an order awarding sanctions of $47,812.50 against Debtor and Debtor's Counsel to reimburse Creditor for attorney fees incurred in responding to the petition and opposing confirmation. To grant the relief sought in full, the court must find: (a) that the fees sought are reasonable; and

---

[5]There was no evidence or argument at the hearing regarding the cost of obtaining a supersedeas bond. Regardless, the court presumes that the same equity in Debtor's home that he used to pay all of his debts in the chapter 7 would have been more than sufficient to obtain a supersedeas bond.

–7–

(b) that the amount of the award is necessary for deterrence. Creditor's request fails this test in part. In re Studio 2000 USA, Inc., 2003 WL 1956241, *7 (Bankr. N.D. Cal. April 11, 2003)

First, the fees sought were not all reasonably necessary to contest the petition. After careful consideration of the papers filed by Creditor, the time records submitted by Creditor's counsel, and the nature and duration of the hearings before the court, the court determines that the fees reasonably incurred in contesting the petition do not exceed $30,750.00. This figure was based on the court's determination that rather than the $700 and $525 that the attorneys used in their request for fees, $500/hour was a reasonable rate for Creditor's counsel. The court deducted 6.0 hours for duplicative appearances and 5.3 hours for excessive time spent on research and writing briefs.

Second, as adjusted, the fees awarded do not exceed the amount necessary for deterrence. This was one of the most egregious filings by a debtor in this court's experience. The court therefore determines that a sanction of $30,750 is necessary and sufficient to deter future conduct of this type.

Here, neither Debtor nor Debtor's Counsel set forth any meritorious reasons why Debtor's Counsel Arasto Farsad, who signed the petition along with the Debtor, should not be jointly liable for any sanctions with Debtor. See In re Coquico, Inc., 508 B.R. 929, 937-38 (Bankr. E.D. Pa. 2014) (all signatories to a bankruptcy petition, including bankruptcy counsel and a debtor's officer or representative, subject themselves to Rule 9011). As such, the court finds Arasto Farsad to be jointly liable for the $30,750 sanction with Debtor. To the extent that there are

-8-

insufficient funds held by the chapter 7 Trustee to pay the sanctions in full, Creditor may seek to recover these sanctions from Arasto Farsad and/or his law firm. Finally, because the fee award is fully sufficient for deterrence purposes, the court determines that it is not necessary to impose any further sanctions.

**III. <u>Conclusion</u>**

For all of the above reasons, the court awards sanctions in the amount of $30,750 in favor of Creditor and jointly against Debtor and Debtor's Counsel Arasto Farsad, for Debtor's bad faith filing of his bankruptcy petition. A separate order shall issue.

**\* \* \* End of Memorandum Decision \* \* \***

-9-

1 | **<u>Court Service List</u>**

2 | No Court Service Required

3 |

4 |

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Case: 18-41720    Doc# 169    Filed: 07/03/19    Entered: 07/03/19 13:45:14    Page 10 of
10